UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5/7/19
```

JEFFREY SMITH,

                Plaintiff,

        v.

DIGITAL SOCIAL RETAIL, INC.,
HOLOSFIND CORP., INC., *a fictitious corporation*, SYLVAIN BELLAICHE, AND
PIERRE MARTIN,

No. 1:18-cv-6602 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Jeffrey Smith brought this action against Defendants Digital Social Retail, Inc., Holosfind Corp., Inc., Sylvain Bellaiche, and Pierre Martin for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Presently before the Court is the parties' proposed settlement agreement.

    The Court, having reviewed the parties' proposed agreement, fairness letter, and contemporaneous billing records, finds that the settlement is fair and reasonable. Under the terms of the proposed settlement agreement, Defendants agree to pay Plaintiff a total of $36,000 in exchange for the relinquishment of wage and hour claims. Fairness Letter § VI. After attorneys' fees, Plaintiff will receive $24,000. *Id.* § VIII. The total settlement amount is greater than the amount Plaintiff alleges he was owed in unpaid wages and benefits ($32,750), although Plaintiff also sought an award of $10,000 in statutory damages for Defendants' alleged failure to provide wage notices and weekly wage statements. *Id.* § VI. This amount is reasonable in light of the risks of trial. *See Beckert v. Ronirubinov*, No. 15-CV-1951, 2015 WL 8773460, at *2 (S.D.N.Y.

Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery).

The Court also approves the requested award of attorneys' fees and costs. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). A contingency fee award is presumptively valid where "the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method" in this District. *Yunjian Lin v. Grand Sichuan 74 St Inc.*, No. 15-CV-2950 (RA), 2018 WL 3222519, at *5 (S.D.N.Y. July 2, 2018). The proposed settlement of $36,000 allocates $12,000 in fees to Plaintiff's counsel, which amounts to exactly one-third of the settlement amount. The Court also notes that Plaintiff's counsel has submitted contemporaneous billing records, which reflect reasonable time expenditures in this litigation and result in a lodestar above $12,000. The Court thus approves the proposed attorneys' fees as fair and reasonable.

Finally, Plaintiff's release of claims is fair and reasonable. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (citation omitted). The release in this case is limited to Plaintiff's claims "solely concerning wage and hour matters" and "shall not affect or limit . . . any non-wage and hour claims. *See* Agreement ¶ C.1. The release is also limited to conduct "that has arisen on, or prior to, the date this Agreement is executed." *Id.* This release is appropriately limited to wage and hour matters stemming from Plaintiff's employment with Defendants.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement, and will retain jurisdiction over this matter solely for purposes of enforcement of the agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:  May 7, 2019
        New York, New York

_____
Ronnie Abrams
United States District Judge