UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/24/19

| | |
|---|---|
| JEFFREY SMITH, | |
| Plaintiff, | |
| v. | |
| DIGITAL SOCIAL RETAIL, INC., HOLOSFIND CORP., INC., *a fictitious corporation*, SYLVAIN BELLAICHE, AND PIERRE MARTIN, | |
| Defendants. | |

18-CV-6602 (RA)

MEMORANDUM OPINION
AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff seeks enforcement of the parties' court-approved settlement agreement ("Agreement") and judgment entered against Defendants in the amount of $46,320. Defendants did not oppose this motion. For the reasons set forth below, Plaintiff's motion is granted, but with a small reduction in the amount of attorney's fees awarded to Plaintiff.

**BACKGROUND**

In July 2018, Plaintiff Jeffrey Smith brought this action against Defendants Digital Social Retail, Inc., Holosfind Corp., Inc., Sylvain Bellaiche, and Pierre Martin for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). On May 7, 2019, the Court issued an Order, approving the parties' proposed Agreement and retaining jurisdiction over the matter solely for purposes of enforcing the agreement. Dkt. 23.

The court-approved Agreement includes several provisions relevant to the present motion. First, pursuant to the Agreement, Defendants were required to pay Plaintiff a total of $36,000 in

three equal installments. Agreement ¶ A(1). The first payment of $12,000 was due fourteen days after the Court approved the Agreement, or by May 21, 2019, with the second and third payments due, respectively, thirty and sixty days later. *Id.* Second, the Agreement provides that if Defendants "fail to make a settlement payment in a timely manner," "Plaintiff shall provide notice of the default" to Defendants' counsel, and "Defendants will then have fourteen (14) days from the date of receipt of such notice within which to cure the default." *Id.* ¶ B. If Defendants do not cure the default within that period, "the entire amount shall become due and owing as of the 15th day following receipt of said notice, together with liquidated damages in the amount of 20% of the amount outstanding at the time of the default." *Id.* Finally, in the case of a default, the Agreement permits Plaintiff "to enforce immediate payment of all remaining unpaid portions of the Agreement, including having judgment entered against the Defendants, jointly and severally." *Id.* Plaintiff may also "recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement." *Id.*

After the Court approved the Agreement on May 7, 2019, Defendants failed to make the first payment by May 21. *See* Pl.'s Mot. at 3. Plaintiff gave Defendants' counsel the requisite notice on May 23, but Defendants did not cure the default within the provided fourteen-day grace period. *Id.* Therefore, on June 18, having still not received the first payment nearly a month after it became due, Plaintiff filed this motion to enforce the settlement and have judgment entered against Defendants for a total of $46,320, which equals (1) $36,000 in unpaid principal; (2) $7,200 in liquidated damages; and (3) $3,120 in attorney's fees. Dkt. 24.

On July 17, 2019, in correspondence with Plaintiff and the Court, Defendants' counsel stated that Defendants "intend to pay the amount of $36,000 by mid-August." Dkt. 27. As of August 15, however, Defendants had not paid any of the outstanding amount of $36,000, and

Plaintiff renewed its request for the Court to enforce the settlement and enter judgment against Defendants. Dkt. 27. On August 16, the Court ordered Defendants to show cause no later than August 30 why judgment should not be entered in Plaintiff's favor for the amount requested. Dkt. 28. To date, Defendants have not responded. Plaintiff's motion, therefore, remains unopposed.

## DISCUSSION

A settlement agreement "is a contract that is interpreted according to general principles of contract law" and is deemed "binding and conclusive." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007). Federal courts may retain jurisdiction over an action if a settlement agreement "specifically reserves such authority or the order incorporates the terms of the settlement." *Sclesa v. City Univ. of N.Y.*, 76 F.3d 37, 40 (2d Cir. 1996). Here, the Court's Order approving the Agreement clearly stated that the Court "will retain jurisdiction over this matter solely for purposes of enforcement of the agreement." Dkt. 23. The Court thus has jurisdiction to review Plaintiff's motion and enforce the Agreement.

### A. Unpaid Principal

Plaintiff argues that he is entitled to the unpaid principal of $36,000 as a result of Defendants' breach. *See* Pl.'s Mot. at 5. Pursuant to the Agreement, when a default goes uncured, "the entire amount shall become due and owing as of the 15th day following receipt of said notice." Agreement ¶ B. Plaintiff has alleged – and Defendants have not disputed – that he did not receive the first payment on May 21 and, despite notifying Defendants' counsel of the default on May 23, Defendants never cured the default. Accordingly, the Court enters judgment against Defendants in the amount of $36,000 for the unpaid principal. *Id.*

## B. Liquidated Damages

Plaintiff also seeks $7,200 in liquidated damages. *See* Pl.'s Mot. at 5. The Agreement penalizes Defendants, upon default, by requiring them to pay "liquidated damages in the amount of 20% of the amount outstanding at the time of the default." Agreement ¶ B. Because $36,000 remained "outstanding at the time of [Defendants'] default," Plaintiff is entitled to 20% of that amount – $7,200 – in liquidated damages.

## C. Attorney's Fees

Finally, Plaintiff argues that it is entitled to $3,120 in the amount of attorney's fees for the work of Justin Cilenti in seeking enforcement of the Agreement after Defendants' default. *See* Pl.'s Mot. at 5-8. Plaintiff's counsel has submitted contemporaneous time records, which indicate Mr. Cilenti expended 7.8 hours for this work at a rate of $400 per hour. *See* Dkt. 25, Ex. 3. Because the Agreement provides that Plaintiff can "recover reasonable attorneys' fees . . . in enforcing in Court the payment obligations under this Agreement," the Court reviews whether the requested amount is reasonable. Agreement ¶ B.

The party seeking attorney's fees "bears the burden of . . . documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A reasonable hourly rate is "the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). To determine the appropriate billing rate, courts look to the prevailing hourly rate within the district for lawyers with similar experience and skill. *See id.* at 190. Whether deviation from that presumptively reasonable fee is necessary may vary depending on certain case-specific factors including, as relevant here, "the

novelty and difficulty of the questions" and "the level of skill required to perform the legal service properly." *Id.* at 186 n.3, 190.

With respect to the amount of hours billed, the Court has examined counsel's time records and finds that the hours expended were reasonable. The invoice does not suggest that the work performed was "excessive, redundant, or otherwise unnecessary." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *Hensley*, 461 U.S. at 434).

The Court will, however, reduce Mr. Cilenti's requested rate of $400 per hour. "Courts in this District have determined . . . that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases." *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014). Mr. Cilenti's rate of $400 is thus at the high end of what courts in this district typically grant. *See Santos v. El Tepeyac Butcher Shop Inc.*, No. 15-CV-814 (RA), 2015 WL 9077172, at *2 (S.D.N.Y. Dec. 15, 2015) ("Mr. Cilenti's rate is $400, which is at the high end of th[e] spectrum."); *see also Escobar v. Fresno Gourmet Deli Corp.*, 16-CV-6816 (PAE), 2016 WL 7048714, at *4 (S.D.N.Y. Dec. 2, 2016) (finding that a request by Mr. Cilenti's partner, Peter Cooper, for "$400 per hour rate is at the high end of the range of charged by attorneys in wage-and-hour cases"); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *4 (S.D.N.Y. Dec. 15, 2015) (same). This Court, as well as others, have previously declined Mr. Cilenti's request for a rate of $400 per hour, and instead granted fees at a rate of $350 per hour. *See, e.g., El Tepeyac Butcher Shop Inc.*, 2015 WL 9077172, at *2 ("Mr. Cilenti's services are reasonably valued at $350 per hour."); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 51-52 (E.D.N.Y. 2015) (same). Moreover, Mr. Cilenti has not provided any information to the Court about his level of experience, or any other factors, that might assist in assessing an appropriate billing rate. *See Gonzalez v. Scalinatella,*

5

*Inc.*, No. 13-CV-3629 (PKC), 2015 WL 3757069, at *21 (S.D.N.Y. June 12, 2015) ("[C]ourts are generally more skeptical of requested hourly rates when the applicant fails to provide information about the backgrounds of the relevant attorneys.").

Mr. Cilenti has not shown there is a meaningful distinction between his prior cases and the instant one so as to warrant now granting a rate of $400 per hour. In addition, the relative ease and straightforward nature of this aspect of the litigation – seeking enforcement of the Agreement and a judgment against Defendants – weighs in favor of granting fees at a rate of $350 per hour. *See Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 186 n.3. Accordingly, the Court finds $350 per hour to be the reasonable rate, and awards Plaintiff attorney's fees in the amount of $2,730.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to enforce the settlement and enter judgment against Defendants is granted. The Clerk of Court is respectfully directed to enter judgment in the amount of $45,930, which equals $36,000 in the unpaid principal, $7,200 in liquidated damages, and $2,730 in attorney's fees.

SO ORDERED.

Dated:     October 24, 2019
           New York, New York

RONNIE ABRAMS
United States District Judge

6